■ VILLAGE OF BROCKPORT, Respondent, v. VERLYN E. KLAHN et al., Appellants.— Judgment unanimously affirmed, without costs. Memorandum: The judgment herein requires appellants to repair or remove a barn on their premises and, in default thereof, authorizes petitioner to remove it and charge the expense thereof to appellants. Appellants contend on this appeal that the judgment should be reversed and petition dismissed on the ground that petitioner's building inspector illegally entered their premises to inspect the barn, since he did so without a warrant. There was a "No Trespassing" sign on the property. Appellants rely upon *Camara* v. *Municipal Ct.* (387 U.S. 523), which held that the Fourth Amendment bars prosecution of a person who has refused to permit a code-enforcement inspection of his residence in the absence of a search warrant. The evidence shows that appellants' barn is old and in such disrepair that one external foundation wall has collapsed and that side of the building is sagging badly; that the condition is obvious from the street and neighboring properties; that pursuant to the village ordinance notice was given to appellants to repair or demolish the structure; that on failure of appellants to do either, due notice was given to them to designate a time within

10 days when they and their expert would inspect the building with the village inspector and an expert whom he would bring for the purpose; that appellants did not respond to such notices, and thereafter petitioner made the inspection in the absence of appellants. The *Camara* case (*supra*) does not control this case or render the inspection and notice invalid. That case held that reasonableness of the action of the inspector is the guiding principle. The court said (pp. 539-540), " since our holding emphasizes the controlling standard of reasonableness, nothing we say today is intended to foreclose prompt inspections, even without a warrant, that the law had traditionally upheld in emergency situations. * * * Moreover, most citizens allow inspections of their property without a warrant. Thus, as a practical matter and in light of the Fourth Amendment's requirement that a warrant specify the property to be searched, it seems likely that warrants should normally be sought only after entry is refused unless there has been a citizen complaint or there is other satisfactory reason for securing immediate entry. Similarly, the requirement of a warrant procedure does not suggest any change in what seems to be the prevailing local policy, in most situations, of authorizing entry, but not entry by force, to inspect." In this case, when appellants were invited to join in petitioner's proposed official inspection of their property and were asked to fix a time therefor within 10 days, they were also advised that in case they should fail to reply within 10 days petitioner would inspect the property. Appellants' failure to reply or to object to such inspection constituted their tacit consent thereto. Moreover, it is apparent that without entry upon the premises, petitioner had adequate information to make the demand. The judgment should, therefore, be affirmed. (Appeal from judgment of Monroe Trial Term condemning unsafe structure.) Present — Witmer, J. P., Moule, Cardamone, Simons and Mahoney, JJ.